UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUTHER LOPEZ,<br><br>      Plaintiff,<br><br>-against-<br><br>NEW YORK SECRETARY OF STATE<br>ROBERT RODRIGUEZ, in his official capacity,<br><br>      Defendant. | 23-CV-10751 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se*, brings this action seeking to compel New York Secretary of State Robert Rodriguez to disqualify former President Donald Trump as a candidate in the upcoming 2024 presidential election. By order dated May 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action contending that, because former President Donald J. Trump has "knowingly, willfully and intentionally" given aid, comfort, and financial support to individuals who participated in the January 6, 2021 attack on the United State Capitol, he should be disqualified as a presidential candidate under Section 3 of the Fourteenth Amendment to the Constitution.[1] (ECF 1, at 1-2.) Plaintiff asserts that Trump is ineligible under the Constitution for the presidential election and that New York Secretary of State Robert Rodriguez has a duty to enforce the Constitution. He therefore seeks an order "prohibiting Mr. Donald J. Trump from being allowed on the 2024 upcoming presidential election." (*Id*. at 1.)

## DISCUSSION

In a recent decision, *Trump v. Anderson*, the Supreme Court held that "responsibility for enforcing Section 3 [of the Fourteenth Amendment] against federal officeholders and candidates rests with Congress and not the States." *Trump v. Anderson*, 600 U.S. 100, 117 (2024). Thus,

---

[1] Section 3 of the Fourteenth Amendment provides:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

enforcement of Section 3 of the Fourteenth Amendment requires that Congress first enact implementing legislation pursuant to Section 5 of the Fourteenth Amendment. *Id*. at 108-10, 117. Plaintiff's claims are foreclosed by *Trump v. Anderson*. The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   July 8, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge